Welcome to the fourth circuit today We've got a full day on a Friday, but we'll start with our first case twenty four forty two fifty one Moneta Moneta Miss Moneta, we're happy to hear from you Good morning May I begin? May it please the court counsel. I'm Lana Moneta, and I represent the appellant Melvin Canales Saldana This appeal arises from a multi-defendant racketeering case That was tried over the course of two trials before the Alexandria Division of the Eastern District of Virginia the case focused on the activities of the STLS click of MS-13 and specifically for total murders That that were attributed to this to this click and various members of this click These appellants in this appeal, Mr. Andrade Rivas, Mr. Aguilera Sagastizado And my client Mr. Canales Saldana were tried first and another group was tried in a separate trial This trial went at a very accelerated pace even for the rocket docket And at the close of the case, Mr. Canales was convicted on all counts except for the 924 C charge Most of the charges for which he was convicted Surrounded the murder of ELT, Mr. Tate, who Mr. Canales did not know Never met and took no part in killing. The evidence showed at trial that Mr. Canales as a superior member of his click had ordered fellow click mates to Seek out Chambalas or rival gang members And then the rules dictated a particular procedure a process that should be followed after Click member believed he had identified a rival gang member and these steps were supposed to be followed before There was any killing Mr. Canales according to the evidence at trial also told his fellow click members to take a gun with them when they went to Patrol is what they call it patrol for rival gang members. So To the extent there was a conspiracy to which he in which he participated. It was to follow a prescribed course Specified steps in with an aim and an intent of eliminating rival gang members from the streets In this case lesser ranked members lower ranked members of his click Either and this depends on which witnesses account of the shooting of Eric Tate that one believes they either while patrolling Encountered Mr. Tate and were suspicious of him or They were shot at by Mr. Tate first Two different witnesses have given two different accounts, but we do know that Mr. Tate fired a number of bullets However, he was he was killed in this in this exchange of gunfire Mr. Tate was not a gang member. He was not a rival gang member Generally speaking the most prominent rival gang of MS-13 on the streets in Northern Virginia is 18th Street. It is another Latin American gang Mr. Tate was unknown not only to Mr. Canales who again was not present for the shooting, but was unknown to the individuals That were fellow members of the clique that he encountered on the streets that night Even if this was not a Self-defense situation and Mr. Tate did not fire upon these young men first And I'll note again to the court that there was an acquittal of one of those clique members It was not a shooting that was conducted according to the procedure and the rules that are set out for MS-13 and specifically for this clique and Specifically according to the evidence at trial by Mr. Canales who? Admonished fellow clique members that they should do things right that they should follow the rules. So By all accounts he did not Mr. Canales did not share the objective to kill this victim He did not have the intent to kill this particular Individual this particular individual did not meet the conditions of any sort of Category of individual that Mr. Canales had ordered other clique members to seek out And so the conviction on conspiracy should not stand Likewise for aiding and abetting he did not instigate plan or aid others with the intent that Mr. Tate or even a category of individuals into which Mr. Tate would fit would be killed by his Fellow clique members he therefore should not have been convicted of the conspiracy to commit that murder Nor should the special finding on count one have applied Nor aiding and abetting now Mr. Canales's actual order to the clique What they should be doing looking for Travala's the fact that he did not order Tate killed that nobody knew Mr. Tate That that he was not a Travala was not a rival gang member and that the rules in fact did not Support the killing of Tate that it was really a violation of the clique rules was confirmed by witness Molina at trial and his testimony was stricken and The striking of his testimony was a remedy that was inadequate and ultimately highly prejudicial It was a remedy to a Brady violation at trial Compounding the problem. Did you did your client join in the Brady motion? we We did not seek a mistrial We did not Mr. Aguilera sought the mistrial The court sort of gave us options of what we should do with very little time to make that decision Again, I think the accelerated pace of this trial is notable because this was another example of having to Having to synthesize days of trial very very quickly to make a decision on the spot about what was the best remedy After the Brady violation was noticed in Obviously judge quarter bonds tried a few cases. That's sort of like what being a trial lawyer is Yes, except this was a really unique situation I I suspect every trial lawyer would say that every trial they tried was a unique situation, right? that's sort of a Common line it'd be an odd situation for us to say, you know, if you fail to raise an objection Well, this was a complicated case Seems like a Fairly large loophole to the obligation to actually advise the district court Well, I understand your honor and you know from our perspective. We feel that this the ends of justice would Apply for mr. Canales, but mr Aguilera did seek a mistrial and had that been granted that that would have in order to the benefit of the other defendants And that was denied the court wouldn't have had to grant the mistrial for everyone, right? oftentimes in You know sort of somewhat commonly we will have mistrials granted with respect to one defendant and not to others the court would not have had to but I think given the Given the scenario that we're dealing with that this witness had testified against all of the defendants and the Effect of his testimony and the and the effect really of the Brady violation was sort of equal across all defendants I think it's highly unlikely that the mistrial would only have been granted for mr Aguilera the court even the district court noted that the can I ask a slightly different question you Own appeal you you assume for purposes of your argument. It seems to me that there was a Brady violation You're not arguing that there was an error because the district court should not have found a Brady violation and therefore should not have stricken The testimony at all. No, I'm not arguing that. No Can I ask you a question that you've kind of where we are now? Gets to this striking of Molina I'm more interested or less interested in for purpose of this question in the decision to strike Molina as much as the A challenge as to why The court struck Molina as I understand this It was stated that it was for credibility reasons Assume for the sake of this question I think that was an error and that it was plain Could you address the other prongs of plain error view with respect to that issue? Well, your honor there was certainly prejudice at the the court in and this was my next point that I was going to be getting to the this compounded the problem because when the district court told the jury that The witness was being stricken because he was not credible. Yeah, I don't mean to tell you how to answer the question I understand the argument that that gave the impression perhaps that the other witness was more credible. That's the argument Drill into prongs three and four of plain error view and give me your best argument as to in the Scheme of this entire case how we have that there Well, your honor it it also encroached on the sole and exclusive providence of the jury Who is charged with determining the credibility of the witnesses and and and therefore really eliminated What I would consider the the defendants rights to a trial by jury on on that issue And that is a significant prejudice, especially to mr Canales because that witness gave some exculpatory testimony with respect to With respect to the thing that the points that every is before with No knowledge of the of the victim and the rules that were not followed by it by ms-13 And importantly, it wasn't even true That is not why the the the witness was stricken The witness was stricken because of Brady violation. So the ruling Caused prejudice only to the defendants really protected the government and Brady is Intended to protect the defendants and in making that ruling and in instructing the jury by doing so it really it bolstered blue significantly and it Really countered or contradicted the instructions to the jury that they were the sole The sole finders of fact and the sole decision makers with respect to the credibility of the witnesses and so Obviously, and I think I argue this in my brief the jury goes into the jury room thinking Well, if the other witnesses were were not credible, they would have been stricken also So we're gonna we're gonna take what they say wholesale And obviously that's that's not only prejudicial because of what those witnesses said but it really eliminates the jury's consideration and that is what is that is what is Guaranteed by the Constitution and I think that we see That there was confusion We can only speculate but the the verdicts were wildly inconsistent Not just between the defendants, but but then that suggests that they didn't just accept all the other witnesses as credible Well, I don't know. I don't know I think it I think it could sort of the challenge with inconsistent verdicts at some level is that like We treat them as a black box for a reason we don't we don't know who box is being gored as the court Sometimes says I think if they made sense as to each individual perhaps we could we could say that that's what was happening, but I think it reflects more a confusion on the jury's part which When which would make sense? Because they were they were really pulled they were pulled away from their credibility finding by the courts comments about Molina, I think that these these These verdicts just don't jive with one another to be to be quite frank And I think it really reflects confusion, and I think I'm out of time. Thank you counsel Which order are we going do we go to mr. Bodner Bodner, I believe you're next Mr. Blanchard, we'll get to you. I promise Good morning, you're happy to hear from you tell us first who you represent and then I'm happy to hear certainly your honor My name is Mark Bodner, and I represent Manalester Andrade Rivas, okay, and of course he is a co-defendant Counsel you just heard so my focus very frankly this morning is towards jury instruction supporting count nine and To some extent count one of the second superseding indictment, which was a jury instruction on conspiracy to commit murder The court gave the government's proposed instruction 54 which we did Comment on and we offered an alternate instruction And my co-counsel you just heard from made an explanation to the court that The courts giving the instruction on first and second degree murder was to give some confusion or to lay Open the possibility for confusion of the jury but a very different argument than the one you're making now Right, they you didn't make the argument that by virtue of a conspiracy Premeditation is supplied effectively, right? That's the new argument. You're raising on appeal. Help me understand why You know, we have a very good district judge Yes She hears an argument and and I understand that argument too, right that there wasn't Really evidence put on that would support a second-degree murder charge. I understand that argument, but the argument you're making on appeal Is that it's like legally impossible to have a Conspiracy to commit second-degree murder and I will concede that that precise argument as your honor put it was not offered to the trial court however, it wasn't just It wasn't made as I recall the comment was made that the charge that was given was legally sound There was that concession at one point as well your honor So we are we here on plain error then? Well, if that is a question alone If that's the court's position Then the way you read the record then it would have to be plain error and I am here today to urge the court to To consider otherwise. Then what do I do? So when I look at various state courts that have addressed this the Virginia the Commonwealth of Virginia Permits a conspiracy to commit second-degree murder California does not. There are a variety of options among the states as to whether the conspiracy provides the premeditation Or whether you can conspire to commit an assault in some way that ends in a murder that counts as conspiracy But it seems like the cases are all over the map. And so how do I find plain error there? That the better reasoning is that it's not logical to Conclude that somebody can commit Conspiracy to commit second-degree murder because second-degree murder does not require Premeditation and if you what do you do like Virginia doesn't follow that rule, right? That's California's rule I get it, right But but Virginia doesn't like what how do we say that you know this court applying Virginia law Committed plain error in a world where like the state courts permit the very thing you say is so-called illogical Well, you look to the reasoning of the decisions and I don't know that Virginia has met this head-on At least I didn't find a Virginia decision that no, they haven't discussed it, but they permit it, right? I mean we have a number of examples where Convictions occur and they are upheld by courts of appeals This court having been presented with the issue now can follow the reasoning of California and the very well reasoned Mitchell decision from our sister state in Maryland Indicating that it doesn't make sense that somebody doesn't have the intent to commit murder However, they decided in advance with their conspiracy. What do you do with the example that says, you know, we have entered an agreement That you know, we're gonna go confront You know Judge Quattle bomb and if Judge Quattle bomb don't give us what we want. We're gonna beat him up real bad And there's an agreement reached to that effect and then you know We show up and Judge Quattle bomb didn't give us what we want And so we beat him up real bad and in the process we kill him. So we had malice Right, we show we had an agreement We didn't have pre-medication which in Virginia requires an intent to kill we were just we're gonna beat him up real bad But in the process he is murdered that seems like a conspiracy to commit second-degree murder Well the way I read the decisions that we cited in our brief and To the effect that even a degree of recklessness that results in a murder Subsumes that idea of premeditation in other words you approach this and you knew something bad was going to happen as Opposed to but that's not intent to kill under the Commonwealth's law. The Commonwealth says premeditation requires intent to kill, right? I mean, that's just cut Virginia's law Absolutely, and the hypothetical I gave there's no intent to kill him. I'm just gonna beat him up real bad Your honor is correct. Yeah, my time is up if you don't have any other questions I'd ask you notwithstanding what we've heard this morning to consider reversing the convictions on counts one and nine. Thank you for hearing you Thank you Now mr. Blanchard I apologize for being over eager your honor. May it please the court John Blanchard for the United States The government's asking this court to uphold the jury verdicts returned below Because the jury was properly instructed on the law because the defendants in the case Received far more relief than they were entitled to by circuit precedent and because the evidence against them was not just sufficient It was overwhelming council, could you on that the point we were just talking about Not so much on the plain error part of it But just was it wrong for the to charge conspiracy to commit second-degree murder and and if Just answer that if you could address that first, please. No, your honor the If I may the Argument the council referred to about not wanting an instruction on second-degree murder that actually didn't come up on the Vicar conspiracy jury instruction They were arguing for purposes of count one the Rico conspiracy count and for the substantive Vicar count that our theory of the case that the evidence didn't support a theory of second-degree murder My review of the record shows that the Vicar conspiracy jury instruction that made reference to both theories of liability that was a joint proposed instruction, but but to answer your question, your honor the the Statute simply requires conspiracy to commit murder Virginia law defines murder very clearly and there's a statute that basically codifies the common law and provides different degrees for purposes of How to meet out punishing you think if this if people the example judge Richardson gave if the conspiracy was to beat Someone up that was the plan. We're going to beat someone up, but that's all we're gonna do. We're gonna be real clear We're gonna say we're gonna beat him up, but we're not going to cross that line and risk that he dies. That's the But it's foreseeable That that could result from that Mr. Mr. Bodnar if you're gonna whisper you got to do it a little bit quieter. Otherwise, we can't hear counsel up here Thank you, your honor For what? It's worth. I do not believe that that would be a conspiracy to commit murder I think that that would be people conspiring to Commit an assault, but I do not believe that if the object of the conspiracy is physical harm, but not death then that would constitute Conspiracy to commit murder under under Virginia law. No, sir but is the is the Is the extension of that argument that what you that you must the I guess the argument is that second-degree murder doesn't involve premeditation and conspiracy includes Premeditation yeah, isn't that is there any problem with that? I think it suggests that the Premeditation I can see the doctrinal Tension there, but but really what conspiracy requires is The voluntary joining of an agreement to commit the actual Crime, whereas the difference between first-degree murder beforehand Beforehand right premeditation means they have to that to do so beforehand. Absolutely your honor. Yes, sir and and so they've entered a conspiracy if you concede that the Conspiracy to commit assault that results in death is not conspiracy to commit second-degree murder I think that concession is legally wrong, so I don't think it matters, but then then I think you're You were conceding to judge quattle bomb that this instruction was legally erroneous I do not believe it was legally erroneous your honor And that's because under Virginia law the Virginia conspiracy statute simply provides that a conspiracy to commit a felony is an offense Murder is a felony it is common in the Commonwealth of Virginia to charge murder Conspiracy to commit murder without specifying a degree so I think the notion that if you if there's a possibility that a jury could have found That there was a conviction on the theory of conspiracy to commit second-degree murder that I disagree with that because you can charge So what do you think the evidence is? like what What evidence was presented that would allow a jury to so conclude? Right so so what? To be clear I believe this was first-degree murder No, no, but if you're gonna offer a jury instruction Then you have to have evidence to support that jury instruction right and maybe you went on plain error But like what was that was did the government present any evidence on which a rational jury could have found Conspiracy to commit second-degree murder well your honor I think so Tell me what tell me what that story would have looked like if you had to make the argument for why this was a Conspiracy to commit second-degree murder tell me what facts you would rely on well your honor the facts were that that when they went to The apartment count what was the agreement start with the agreement right if you're talking about a conspiracy to create second-degree murder We have to start with the agreement. What was the agreement? Who is it among the agreement was to commit murder the agreement was among Melvin Canales Saldana Manny Lester Andrade Rivas? Okay, and then they and then they wouldn't follow through on that agreement. They did okay, and so tell me how That lacks premeditation, and I misunderstood the question your honor I thought there was I thought the court was asking is there a theory wherein the jury could have found That mr.. That one of the defendants committed second-degree murder No, they committed conspiracy to commit second-degree murder right the question We have on count nine is not whether they committed second-degree murder It's whether there was a conspiracy to commit second-degree murder and what I'm asking you is was there an evidentiary theory did the government put? Evidence on that would have allowed a reasonable jury to find a conspiracy to commit a second-degree murder I Don't know the answer to that your honor. I think the evidence that we presented was was Established that there was a conspiracy to kill I believe that it showed premeditation I can't guess what the jury Inferred from the evidence, and why they made the findings that they did with respect to the but you understand that when the government offers A jury instruction with a legal theory to convict and take somebody's Liberty away They must have an evidentiary basis to do that that is their obligation. It's the court's obligation to get it right But it's the government's obligation to not submit jury instructions on theories for which they have absolutely no evidence I still believe that the that the jury instruction You have just told me that you do not have any evidence to show a conspiracy to commit second-degree murder I believe it was a correct statement of the law that was given to the jury your honor And by that you mean we gave a correct theory a correct legal statement for which we had no evidence Right you a you could have asked the jury the judge to instruct this jury on a question about wire fraud Right you could have given a wire fraud instructions No evidence of wire fraud, but you can just throw those instructions out even if there's no evidence to support it That's the government's view that they are not bound by the evidence when they offer jury instructions That's a remarkable proposition Your honor the government offered a correct statement of the law with respect to the count for which it had no evidence We believe that the evidence that was presented in the case showed that there was a conspiracy to commit murder Again we believe it's within the purview of the jury to determine whether that was first-degree or second-degree I Can't come up with a factual scenario your honor where someone could conspire to commit second-degree murder I Concede that I want to go to a different issue the one I asked your colleague about which was the Not the decision to strike Molina But the rationale given to the jury to strike Molina that Molina was not credible That seems wrong I don't that seems like that wasn't the reason Molina was struck. Do you agree with me there? Your honor I do in looking it for you. You agree with me. I do sir. Okay. I was confused by it below There is some evidence in the record mr. Andrade's counsel argued that the the tip that was provided after mr. Molina had testified Cast his credibility into doubt and counsel joined his his well-reasoned arguments However, it appeared that it was in fact his testimony was in fact stricken as a sanction That's what so so I think we would review that For plain error, too I don't think that was that issue was preserved. So let's assume that it's an error and it was plain Do you have a position as to whether it was prejudicial or? Or satisfied the fourth prong of the Oh, I know plain plain error Your honor certainly we do not believe that it was prejudicial if this was If this was plain error The defendants can't show prejudice the remedy that they were provided with the striking of mr. Molina's testimony absent a finding of bad faith by the court Exceeded the relief that they were entitled to by circuit precedent under Sterling I would say that the benefit to the defense as judge Brinkman found His testimony she found to be extremely incriminating. She found that it was a huge benefit to the defense having his testimony Stricken I think that the arson pretty severe sanction for the state For what was not given to the defendants. I'm not saying it Was shouldn't have been given but you given what they had and what additional information it provided It's pretty severe sanction. So that's your point severe sanction If I had any it sounds like there's an argument that there are certain things he would have said that might have helped certain defendants, but Yes, your honor. Our position is that certainly the preferred remedy under the precedent of this circuit Would have been a continuance in the scenario that we were faced with that the court could have fashioned alternative relief We believe that the defendants Received a essentially a cure to the purported Harm in this case In which they were far better situated than they would have been so to say that striking. Mr Molina's testimony was prejudicial. I think falls flat. They essentially make three points They say that it failed to remedy the prejudicial effect of his testimony and as we've noted in our our filing he was one of many witnesses his testimony was largely consistent with that of Mr. Guevara, and I think most importantly in this case You can show that that her instruction was in fact given You know, mr. Molina testified that Manny Andrade And Cristiano Ravallo were the ones who shot. Mr. Tate And that you know, that's how the situation played out and yet the jury still came back Not guilty on mr. Andrade so I think we have kind of a Remarkable scenario where not only can you see that there was an instruction that was given but there's there's certainly evidence that they disregarded Mr. Molina's testimony Because without that they were left with Mario Guevara's testimony that mr. Ravallo had told him. Mr Andrade grabbed him and said to wait or stop before the murder I think I think the argument that the jury must have found self-defense To have acquitted mr. Andrade is is incorrect. I think that certainly Just as was the case In a prior RICO case that this court heard they could have found that he agreed to commit the murder but did not participate himself, so Certainly, I don't think there was prejudice that can be established on that prong The arguments that well, he had things that were helpful to us that we wanted to emphasize In closing all three of those arguments were still made the fact that there were no calls between mr. Canales and mr. Guevara the fact that Mr. Guevara was a rogue member prone to random acts of violence and that mr. Canales did not say to kill Unverified Chiavales those were all made during mr. Canales's closing and certainly to the extent that there's an argument that his credibility was mr Guevara's credibility was bolstered by striking. Mr. Molina's testimony. Mr. Guevara's testimony If anything, there was a basically a spotlight shown on it by the judge saying this is an accomplice Who's to who you know who should be treated with more care? Is his credibility or his testimony should be treated with more care, you know, she gave an instruction about convicted felons So those three reasons are really what they're standing on for prejudice and we think that they were far better situated than they would have been had his testimony not been stricken and had the court declared a mistrial we could have Presented new evidence this happened after the government had already rested. So we do not believe that there was sufficient prejudice that would warrant relief under a plain-air review To The extent the court has further questions, I'm happy to answer those. Otherwise, I appreciate your honor's time I'm grateful for the opportunity to appear here today Thank You counsel Happy to hear from you and Roba Thank you Well, we agree with mr. Blanchard that the conspiracy to commit murder Requires an intent to commit the actual crime But the actual crime here is not just the act of murder be it first or second degree. I'll leave that to the side. It's The crime that is charged is the killing of Eric Tate And so the intent to kill that victim Needs to be there for the conspiracy and it simply was not there in the example that your honor gave that if the If the conspiracy was to commit an assault Against your colleague and then it turned into a murder That's a different scenario than we have here because in your in your example There's a challenge and this is your colleagues argument The challenge is there are two possible challenges to count nine one is to say the government put forward a Legal theory for which it had no evidence Right. That is an argument. Maybe was raised below but is plainly not raised on appeal that argument might well Have like underlying merit. There's a separate argument that says as a matter of law There can be no such thing as conspiracy to commit second-degree murder Right, that's the argument that's made on appeal and that argument seems wrong not because of the facts of this case, but because of the Commonwealth of Virginia's law and Contrast with other laws like Maryland and California. They just take a different view. So we don't have a plain error situation They're just two separate arguments one was made below and lost and not raised on appeal one was not raised below But is raised on appeal and has like a legal flaw But neither of those are you can't combine the facts and the law to create a hybrid claim. Yes. Yes, I understand your honor I am I'm more addressing Mr Canales's rule 29 on the conspiracy and the aiding and abetting because of lack of the intent to actually Kill this victim and I'm out of time unless the court has any other questions. Thank you. Thank you counsel Several of you, of course are court-appointed and particularly in the nature of this trial and the appeal We thank you very much for your service. We'll come down and greet counsel and proceed to our next case
judges: Julius N. Richardson, A. Marvin Quattlebaum Jr., Nicole G. Berner